In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James F. BLASK, Attorney at Law.†

Supreme Court

*No. 97–1233–D. Filed February 24, 1998.*

(Also reported in 573 N.W.2d 835.)

¶ 1.  PER CURIAM.   We review the report of the referee recommending that Attorney James F. Blask be publicly reprimanded for professional misconduct. That misconduct consisted of his providing false infor-

†Motion for reconsideration denied April 15, 1998.

mation to the police in connection with an incident in which he was charged with and convicted of misdemeanor disorderly conduct, physically confronting and causing harm to an individual in a courthouse office, and failing to respond to requests for information concerning these matters from the Board of Attorneys Professional Responsibility (Board) during the course of its investigation.

¶ 2. We determine that the public reprimand recommended by the referee is the appropriate discipline to impose for Attorney Blask's misconduct established in this proceeding. His two physical altercations, one in his private capacity and the other in the course of his employment as district attorney, and his false statements to the police constitute conduct that reflects adversely on the fitness of a person licensed by this court to represent others in our legal system. By not responding to requests for information from the court's disciplinary body investigating those matters, Attorney Blask has demonstrated a disregard for his professional responsibility under the rules of this court.

¶ 3. Attorney Blask was admitted to practice law in Wisconsin in 1972 and currently resides in the Milwaukee area. At the time relevant to his conduct considered in this proceeding, he served as district attorney for Lincoln county. He was removed from that office in August, 1996 for misconduct in connection with the two altercations considered here. He has not been the subject of a prior attorney disciplinary proceeding.

¶ 4. At the start of the disciplinary hearing, Attorney Blask served the Board and the referee with what purported to be a notice of appeal, intending thereby to stay the proceeding. The referee, Attorney

Kathleen Callan Brady, had told Attorney Blask that the rules applicable to disciplinary proceedings make provision for only one appeal and that from the referee's report,[1] and said that the hearing would proceed. Nonetheless, Attorney Blask left the hearing. The referee then took testimony and made findings of fact consistent with the Board's complaint.

¶ 5. Attorney Blask attempted to renew his appeal after the referee filed her report November 12, 1997, by a letter received by the office of the clerk of this court December 12, 1997. He did not tender the $150 filing fee for the appeal until January 14, 1998. By motion filed January 15, 1998, the Board requested an order dismissing the appeal as untimely. We grant the Board's motion, as the document served on the Board immediately prior to the commencement of the disciplinary hearing, insofar as it purported to be a notice of appeal in this proceeding, was a nullity, as the

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(5)   The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct and appropriate action in cases of medical incapacity. . . .

SCR 22.17 provides:

**Appeal.**
A party may appeal only from the report of the referee. In an appeal from the report, the supreme court may review all prior actions and rulings of the referee.

referee's report had not yet been filed. Moreover, Attorney Blask's filing of December 12, 1997 occurred beyond the 20-day time limit for the filing of an appeal from the referee's report.

¶ 6. The referee made the following findings. On February 8, 1996, following a high school basketball game he attended in Merrill, then District Attorney Blask approached one of the game's referees and expressed significant displeasure with his officiating. District Attorney Blask shoved or pushed the referee into a wall near the door of the locker room, and the referee then went into the locker room.

¶ 7. A short time later, a police officer who had been called to the scene and the high school athletic director took District Attorney Blask into the locker room, where he apologized to the referee for having shoved him. During that apology or immediately after it, District Attorney Blask made additional derogatory remarks concerning the referee's officiating. The referee then refused to accept the proffered apology and said he wished to file a complaint.

¶ 8. When questioned by the police officer, District Attorney Blask said that he had not shoved the referee, denied having admitted to anyone that he had done so, and denied having apologized to the referee for having shoved him. He gave various explanations of the incident, including that the referee had bumped into him and that he had pushed himself away from the referee defensively.

¶ 9. A criminal complaint was filed against District Attorney Blask alleging one count of disorderly conduct, one count of obstruction of an officer, and one count of disorderly conduct in connection with an unrelated incident that had occurred two days earlier. Pursuant to a plea agreement, Attorney Blask was con-

132

victed of the misdemeanor disorderly conduct charge in connection with the referee incident, and the remaining charges were dismissed but read in at sentencing.

¶ 10. In the earlier incident, as a 67-year-old man was leaving the courthouse office of the register in probate, he engaged in a loud confrontation with District Attorney Blask, who physically placed his hands on the man, attempted to search him, and pushed him backwards with a clenched fist into the man's chest, bending the frames of the eyeglasses that were in the man's pocket. District Attorney Blask also pinned the man's arms to a table, grabbed the man's jacket collar, and released him only when a sheriff's deputy appeared in response to a call for assistance. At the conclusion of an inquiry into allegations of cause to remove District Attorney Blask that followed that incident, the person presiding over that inquiry determined that Attorney Blask had acted beyond the scope of his authority as either a district attorney or an officer of the court in accosting the person in the courthouse and "misconducted himself in office."

¶ 11. The inquiry into District Attorney Blask's official misconduct also addressed the referee incident. In that regard, the presiding officer found substantial evidence to support the conclusion that District Attorney Blask either lied or deliberately deceived himself. That officer found that his failure to deal in a straightforward manner with police officers constituted a "serious dereliction of a major duty of a district attorney" and constituted official misconduct.

¶ 12. Based on those facts, the referee concluded that Attorney Blask engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in

violation of SCR 20:8.4(c),[2] by providing false information to the investigating officer in the referee incident. The referee also concluded that by his physical altercations, he engaged in "offensive personality," in violation of the Attorney's Oath, SCR 40.15,[3] and SCR 20:8.4(g),[4] and violated SCR 22.07(2) and (3)[5] and SCR

---

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 40.15 provides, in pertinent part:

**Attorney's oath.**

. . .

I will abstain from all offensive personality and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(g)   violate the attorney's oath.

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3)   The administrator or committee may compel the respondent to answer questions, furnish documents and present any

21.03(4)[6] by failing to respond to two letters from the Board requesting information during its investigation. As discipline for that misconduct, the referee recommended that the court publicly reprimand Attorney Blask. The referee also recommended that he be required to pay the costs of this disciplinary proceeding.

¶ 13. We adopt the referee's findings of fact and conclusions of law and determine that the recommended public reprimand is the appropriate discipline to impose for Attorney Blask's professional misconduct.

¶ 14. IT IS ORDERED that James F. Blask is publicly reprimanded as discipline for professional misconduct.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this proceeding, James F. Blask pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James F. Blask to practice law in Wisconsin shall be suspended until further order of the court.

---

information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[6] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

¶ 16.   IT IS FURTHER ORDERED that the notice of appeal filed by Attorney James F. Blask is dismissed.